FERNANDO CAMACHO, Petitioner and Appellant, v. DISTRICT COURT OF GUAYAMA, HON. ÁNGEL D. MARCHAND PAZ, Judge, Respondent; PEDRO VELÁZQUEZ, Intervener and Appellee.

No. 9867. Argued February 4, 1948.—Decided March 28, 1949.

*R. G. Sugrañes Loubriel* for appellant. *Ubaldo Aponte* for intervener, defendant in the main action.

MR. JUSTICE SNYDER delivered the opinion of the Court.

Fernando Camacho sued Pedro Velázquez in the municipal court of Patillas for damages of $100 because a sow belonging to the defendant came on the farm of the plaintiff and destroyed certain crops. After a trial, the municipal court entered a judgment of $50 and costs in favor of the plaintiff. The defendant appealed to the district court, which heard the case and entered judgment for $30 and costs.

The plaintiff moved for reconsideration and asked the district court to modify the judgment to include attorney's fees of $30 pursuant to Act No. 94, Laws of Puerto Rico, 1937, amending § 327 of the Code of Civil Procedure. The plaintiff also filed a memorandum of costs in which he included a number of items. The district court entered an order denying the motion for reconsideration and another order allowing only one of the items in the memorandum of costs. Claiming that both these orders were erroneous, on September 20, 1948 the plaintiff filed a petition for certiorari before the *juez de turno* of this Court. The latter en-

tered an order without hearing the parties which provided "petition denied". The plaintiff filed a notice of appeal to the full court from this order. However, we never reach the merits of the appeal as the order of the *juez de turno* is not appealable.

■ Certain cases like the instant case and some unlawful detainer cases originate in the municipal court. Appeal is allowed in such cases to the district court, but the judgments of the district court therein are not appealable. See *Ayala* v. *Martell*, 65 P.R.R. 106. To circumvent their non-appealability to this Court, counsel sometimes petition for certiorari in the district courts instead of or in addition to appealing from the judgment of the municipal court. In that way, they hope to appeal to us from any adverse judgment of the district court in the certiorari proceeding, despite the non-appealability of the judgment of the district court in the main proceeding.

■■ Certiorari lies to review errors of either substantive or adjective law. *Pérez* v. *District Court*, 69 P.R.R. 4.

If the district court actually grants certiorari by issuing the writ and considers such a case on the merits of the petition, its disposition thereof, either denying or granting relief, operates as a final judgment of the district court. Such a judgment or order is therefore appealable to this Court under § 295, par. 1 of the Code of Civil Procedure. *Cintrón* v. *Municipal Court*, 67 P.R.R. 743; *Latoni* v. *Municipal Court*, 67 P.R.R. 130; *Viera* v. *Municipal Court*, 66 P.R.R. 29; *Vando* v. *Municipal Court*, 65 P.R.R. 6; *González* v. *Municipal Court*, 65 P.R.R. 611; *Viera* v. *Municipal Court*, 64 P.R.R. 520; *Stiechll* v. *Municipal Court*, 61 P.R.R. 500; *Giménez* v. *Municipal Court*, 58 P.R.R. 57; *Méndez & Co.* v. *District Court*, 57 P.R.R. 829; *Rullán* v. *Colón, Judge*, 50 P.R.R. 454; *Reyes* v. *Municipal Court*, 41 P.R.R. 892; *Buonomo* v. *Municipal Court*, 39 P.R.R. 796; *Agostini* v. *Municipal Court of San Juan et al.*, 33 P.R.R. 780; *American R. R. Co. of P. R.* v. *Municipal Court*, 16 P.R.R. 227.

■ But where the district court, instead of issuing a writ, simply says summarily, "petition denied", it has in effect said that the court will not hear the case. Cf. *Algarín* v. *District Court,* 59 P.R.R. 848. And if the court has never heard the case and made no ruling on the merits of the questions raised by the petition, there is no final judgment within the meaning of § 295, par. 1 from which appeal may be had. See *Barreto* v. *District Court,* 59 P.R.R. 810, 816–17; *Méndez & Co.* v. *District Court, supra,* pp. 837–8; *Heirs of Andrades* v. *Sosa,* 45 P.R.R. 710, 716; *Sampedro* v. *Fournier, ante,* p. 543; *Del Valle Sánchez et al., Ex parte; Sánchez Díaz et al.,* oppositors, *ante,* p. 617.[1]

■ Without discussing the question of appealability, we have in some cases entertained appeals from orders of district courts which summarily denied petitions for certiorari. See *Carreras* v. *Insular Police Commission,* 60 P.R.R. 536; *Rodríguez* v. *Palacios, Municipal Judge,* 33 P.R.R. 429; *Rubio* v. *Rodríguez, Municipal Judge,* 25 P.R.R. 170; cf. *Dendariarena* v. *Soto Nussa,* 19 P.R.R. 956. In some unreported orders we have also affirmed on appeal orders of district courts in which petitions for certiorari were summarily denied. In all these cases we erred in considering the appeals on their merits. We should have dismissed them for lack of jurisdiction.

■■ The foregoing rule applies to this case. Act No. 59, Laws of Puerto Rico, 1931, amending the Act of March 1, 1902, reads in part as follows:

"Section 9.—One of the justices of the Supreme Court shall always remain in the Capital of Porto Rico when the Court

---

[1] We recognize that the practical effect of this ruling is to make appealability depend on the disposition the lower court makes of a case. But it must be remembered that certiorari is a discretionary writ. And the fact remains that when a petition is denied in summary fashion, no final judgment is ever entered.

Precisely because granting the writ gives the parties a right to appeal to this Court which they otherwise would not have, we repeat the admonition found in the *Stiechll* and *Agostini* cases that the district courts must be exceedingly cautious in issuing the writ.

is not in session, and said justice shall have power to issue inhibitory writs of *certiorari,* of *mandamus,* of *quo warranto,* and of *habeas corpus;* but his decision in such cases shall be subject to revision by the Supreme Court which, whenever so requested by the interested party within the ten days following notice of such decisions, shall revise the decision of the judge in chambers in any of said cases, and shall render such decision as it deems proper."

Act No. 59 is not so clear in its terms as § 295, par. 1. But so far as this case is concerned, we think the Legislature meant to provide substantially the same remedy for review of decisions of the *juez de turno* as it provided in § 295, par. 1, for judgments of district courts. Consequently, only if the *juez de turno* entertains the petition, issues a writ, and makes final disposition of the matter, is his judgment, appealable to the court as a whole. See *Escudero* v. *District Court,* 65 P.R.R. 538; *Cordero* v. *District Court,* 59 P.R.R. 819; *Barreto* v. *District Court, supra; Am. Colonial Bank & Trust Co.* v. *District Court,* 57 P.R.R. 557; *Rodríguez* v. *District Court,* 53 P.R.R. 721; *Sabater* v. *District Court,* 52 P.R.R. 689; *Pol* v. *District Court,* 48 P.R.R. 367; *Sosa* v. *District Court,* 46 P.R.R. 273; *Aguedo* v. *Vivas,* 39 P.R.R. 620. Cf. *National City Bank* v. *District Court,* 49 P.R.R. 343.

■ We have in the past entertained appeals from orders of the *juez de turno,* summarily denying petitions for certiorari. See, for example, *Rodríguez* v. *District Court,* 44 P.R.R. 409. Those appeals should have been dismissed for lack of jurisdiction.

■ This rule does not bar a petitioner from access to the full court. When the case does not involve an emergency, the *juez de turno* usually issues the writ returnable to the full court. See *Miranda* v. *District Court,* 63 P.R.R. 155; *Rodríguez* v. *District Court,* 60 P.R.R. 894. If he issues the writ and conducts a hearing himself, the case is appealable to us. If he summarily denies the writ, there is nothing to prevent the petitioner from filing an original

petition before us despite the summary denial of his petition by the *juez de turno*.[2]

The appeal from the order of the *juez de turno* will be dismissed.

Mr. Chief Justice De Jesús did not participate herein.

---

[2] Cf. *Ex parte Dessús*, 9 P.R.R. 269; *Ex parte Delgado*, 12 P.R.R. 258; *Ex parte López*, 15 P.R.R. 57, involving habeas corpus.